UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JOHN T. PICKERING-GEORGE            )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 10-753 (RBW)
                                    )
ALCOHOL TOBACCO TAX &               )
TRADE BUREAU et al.,                )
                                    )
            Defendants.             )
_____ )

MEMORANDUM OPINION

The plaintiff, John T. Pickering-George, proceeding without prepayment of fees, filed this pro se complaint seeking relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006). Such an action must be dismissed any time the Court determines that the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (2006). Because the complaint does not state a claim upon which relief may be granted, the action will be dismissed.

In a complaint that is incoherent and almost incomprehensible, the plaintiff states that

> [T]HE REQUEST IS FOR TO REGISTER, REGISTRATION REQUIREMENTS, TAX FORMS, TO BE RECEIVED AND RETURNED TO SAID ADMINISTRATION. [T]HE DEMAND OF $50,000 FIFTY THOUSAND DOLLARS, FAILURE TO RESPOND, 5 U.S.C. § 552(a)(4)(E) & (F) (FOIA) FREEDOM OF INFORMATION ACT, FRCP. RULE. 55(a)(e) "DEFAULT", IN WHICH IS IDENTIFIED AS SANCTIONS AS [A] DETERRENT, OR COERCIVE SANCTIONS, "AGAINST DEFENDANTS," ADMINISTRATIONS, DEPARTMENTS, DIVISIONS, OFFICIALS, THE DEFENDANTS VIOLATED THEE UNITED STATES FEDERAL CONSTITUTION OF LIBERTY INTEREST, RIGHT TO BEAR ARMS, DUE PROCESS, AND THE FREEDOM OF INFORMATION ACT (FOIA)

*Id.* at 3 (spelling, punctuation, emphasis and alterations as in the original). The plaintiff further alleges that on November 5, 2009 he sent a letter, presumably to the defendants, stating that

> [I]T IS NOW OVER (90) NINETY DAYS THAT THE ADMINISTRATIONS OF THE NAMED (DEFENDANT'S-RESPONDENT'S) OR ANY OF THE OTHER ADMINISTRATION IN REGARDS TO THE LAWS OF CONGRESS, APPLICATION HAS NOT RESPONDED, PLAINTIFF "HAS NOT" RECEIVED ANY FROM SAID ADMINISTRATIONS AGENCIES OR DEPARTMENTS. THERE IS [A] LEGAL STANDARD FOR AN ADMINISTRATION OBLIGATION TO RELEASE RECORDS IS TRIGGERED ONLY BY [A] PROPER(FOIA) FREEDOM OF INFORMATION REQUEST IN WHICH WAS DONE BY PLAINTIFF, "LICENSING," INCLUDES ADMINISTRATION, AGENCY PROCESS RESPECTING THE GRANT, RENEWAL, CONDITIONING OF [A] "NATIONAL FIRE ARMS ACT," REGISTRATION OF FIRE ARMS APPLICATION," TRANSFER TAX, FEDERAL CONSTITUTION AND INTERSTATE COMMERCE CLAUSE OF [A] LISCENSE.

Complaint at 2 (spelling, punctuation, emphasis and alterations as in the original).

Relief under the FOIA is available only upon a showing that an agency improperly withheld agency records that were properly requested. 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA,* 697 F.2d 10 95, 1105 (D.C. Cir. 1983). This complaint does not appear to arise from an attempt to seek agency records, but rather from the plaintiff's attempt to obtain a license for, and to register, a firearm.[1] Accordingly, the complaint does not state a claim upon which relief under the FOIA may be granted.

Although Pickering-George makes reference to several constitutional amendments, *see* Compl. at 1, the complaint does not appear to present either a discernible or a viable constructive

---

[1] The Court takes judicial notice that this is not the first FOIA case the plaintiff has filed in an attempt to obtain a license and register a firearm. *See Pickering-George v. Bureau of Alcohol, Tobacco, Firearms and Explosives,* Civil Action No. 07-899 (RJL), 2008 WL 501375, *1 (D.D.C. Feb. 22, 2008) (interpreting a similar FOIA complaint as one seeking to restore plaintiff's gun privileges under 18 U.S.C. § 925(c) and dismissing the action).

constitutional claim. To the extent the plaintiff intends to assert a due process claim for "the absence of a mechanism for the restoration of federal firearms privileges," such a claim has already been rejected. *See Pickering-George,* 2008 WL 501375, *1-2 (citing *Black v. Snow,* 272 F. Supp. 2d 21, 28 (D.D.C. 2003)).

To the extent the complaint seeks relief in mandamus, *see* Compl. at 1, it must be denied. Mandamus is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation,* 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart,* 292 F.3d 781, 784 (D.C. Cir. 2002)). With respect to the first two requirements, *mandamus* is available "only where the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Lozada Colon v. U.S. Dep't of State*, 170 F.3d 191 (D.C. Cir. 1999) (internal quotation marks and citation omitted). On the facts alleged, the plaintiff cannot establish that he is entitled to mandamus relief for firearms licensing and registration.

Accordingly, as "the facts alleged affirmatively preclude relief," *Razzoli v. Fed. Bureau of Prisons,* 230 F.3d 371 , 377 (D.C. Cir. 2000) (internal quotation marks omitted), the complaint will be dismissed for failure to state a claim upon which relief may be granted. A separate order accompanies this memorandum opinion.

/s/
REGGIE B. WALTON
Date: May 17, 2010  United States District Judge